UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANUEL VIRGILIO GOMES,

                    Plaintiff,

-against-

I & H CONSTRUCTION, LLC, ARCH BUILDERS NEW YORK LLC d/b/a ARCH BUILDERS LLC, UKE HULAJ, and JEFFREY SIMPSON,

                    Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/30/2023
```

22 Civ. 10441 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Manuel Virgilio Gomes Aguaiza, brings this action against Defendants I&H Construction, LLC ("I&H"), Arch Builders New York LLC d/b/a Arch Builders LLC ("Arch"), Uke Hulaj, and Jeffrey Simpson, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 190 *et seq.*, for, *inter alia*, unpaid minimum and overtime wages. *See* ECF No. 1-1. Having reached a settlement (the "Settlement"), ECF No. 18-1, the parties seek the Court's approval of the proposed settlement agreement. *See* Letter, ECF No. 18. For the reasons stated below, the motion is DENIED without prejudice to renewal.

## DISCUSSION

### I.   Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not

subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for

approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

The Settlement provides Plaintiff with a recovery of $45,000, inclusive of attorney's fees and costs.  Settlement ¶ 2(b); Letter at 3.  Based on Plaintiffs' allegations and calculations, Plaintiff's maximum recovery is $77,689.  *See* Letter at 3; ECF No. 18-3.  But, although the parties state that "[c]onsidering the risks and the uncertainty of trial, Plaintiff's counsel believes that this settlement is a fair result and should thus be approved," the parties do not describe the exact litigation risks faced by the parties or the seriousness of those risks.  Accordingly, the Court cannot determine whether the Settlement is fair and reasonable.

In addition, the Settlement contains a liability release, Settlement ¶ 2(b), which the Court finds overbroad in three aspects.  First, the Settlement releases from liability numerous entities beyond Defendants, including:

> their current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, as well as anyone employed by or affiliated with Defendants, deemed by the Plaintiff to be "employers," both individually and in their official capacities, including but not limited to I&H, Arch, Uke Hulaj, and Jeffrey Simpson, as well as Defendants' parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including but not limited to service and program partners, vendors, and business partners[.]

*Id.*; *see also Hernandez Ramirez v. AA BC Bakery Cafe Corp.*, No. 21 Civ. 458, 2022 WL 3363144, at *2 (S.D.N.Y. July 5, 2022).  Second, the Settlement binds not only Plaintiff, but

also, *inter alia*, his "heirs, executors, administrators, agents, successors, and assigns." Settlement ¶ 2(b). Third, the release clause applies to:

> any and all claims asserted in the [a]ction as well as any and all complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern violations or allegations of unpaid compensation (including, but not limited to, minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, late payment, interest, liquidated damages, attorneys' fees and costs, interest, and/or statutory penalties), or civil penalties purportedly owed to the Plaintiff under the FLSA, NYLL, any rules, regulations or ordinances concerning or implementing the FLSA and/or the NYLL, and/or any other law, regulation, or ordinance regulating the payment of wages[.]

*Id.* "[W]hen combined with the broad definition of '[r]eleasees,' the release—read literally—would have the . . . effect of releasing any wage and hour claims that [P]laintiff had against a wide range of unidentified individuals and business[es] only tenuously affiliated with [D]efendant[s]." *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019).

Turning to attorney's fees and costs, Plaintiff's counsel seeks attorney's fees totaling $14,697, which is approximately 33% of the settlement proceeds. *See* Letter at 5. The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiffs] and [their] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citation omitted). Contingency fees of one-third or less in FLSA cases are routinely approved in this circuit. *Cf. Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases).

As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of an attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010). Plaintiff's counsel, Hang & Associates, PLLC, has submitted detailed

4

contemporaneous time records that document the work performed in connection with this matter. ECF No. 18-2.  Based on these records, the lodestar in connection with this matter amounts to $34,202.50, with an additional $909 in costs.  Letter at 6; ECF No. 18-2.  Plaintiff's counsel has billed at an hourly rate of $375 for Jian Hang, $325 for Ge Qu, Yuezhu Liu, and Zhangyuxi Wang, and $175 for Maritza Yanes, Karla Dussan, and Ge Yan.  Letter at 5–6; ECF No. 18-2.  The Court finds these rates to be reasonable and consistent with the general rates for FLSA cases in this Circuit.  *See Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18 Civ. 4193, 2019 WL 2324567, at *5 (S.D.N.Y. May 30, 2019).

The attorney's fees requested, $14,697, amount to a negative multiple of approximately 0.43 of the proffered lodestar.  In other words, Plaintiff's counsel will recover an award of attorney's fees that is less than the lodestar amount.  Courts in this district have found larger awards to be fair and reasonable.  *See Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this [d]istrict have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." (quotation marks and citation omitted)) (collecting cases); *see also Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 WL 4006896, at *1, *10 (S.D.N.Y. July 1, 2015) ("[A]n award of $105,000 or one-third of the fund—a 1.68 multiplier of the lodestar calculation and a 1.52 multiplier of plaintiffs' counsel's stated hourly rates—is a reasonable attorneys' fee.").  Thus, given that the attorney's fees represent approximately one-third of the total recovery amount, and are less than the lodestar amount, the Court finds that the requested award of attorney's fees is fair and reasonable.

Additionally, Plaintiff's counsel requests costs in the amount of $909, which covers the filing fee and service of process.  ECF No. 18-2.  The Court finds that the requested costs are fair and reasonable.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to renewal. By **September 29, 2023**, the parties may file a revised letter and settlement agreement in accordance with this order.

SO ORDERED.

Dated: August 30, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge