UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/15/2024
```

MANUEL VIRGILIO GOMES,

                    Plaintiff,

I & H CONSTRUCTION, LLC, ARCH
BUILDERS NEW YORK LLC d/b/a ARCH
BUILDERS LLC, UKE HULAJ, and JEFFREY
SIMPSON,

                    Defendants.

22 Civ. 10441 (AT)

<u>**ORDER**</u>

ANALISA TORRES, District Judge:

    Plaintiff, Manuel Virgilio Gomes Aguaiza,[1] brings this action against Defendants I&H
Construction, LLC ("I&H"), Arch Builders New York LLC d/b/a Arch Builders LLC ("Arch"),
Uke Hulaj, and Jeffrey Simpson, alleging violations of the Fair Labor Standards Act ("FLSA"),
29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 190 *et seq.*, for, *inter alia*,
unpaid minimum and overtime wages.  *See* ECF No. 1-1.  After reaching a settlement agreement
(the "Settlement"), ECF No. 18-1, the parties sought the Court's approval of their proposed
agreement.  *See* ECF No. 18.  The Court denied the parties' motion without prejudice to renewal.
*See* Order, ECF No. 22.

    Before the Court is the parties' revised settlement agreement (the "Revised Settlement"),
ECF No. 24-1, and the parties' renewed motion for settlement approval (the "Second Letter"),
ECF No. 24.  For the reasons stated below, the motion is GRANTED, and the Revised
Settlement is approved.

---

[1] The caption of Plaintiff's notice of removal states his name as "Manuel Virgilio Gomes."  His full name is Manuel
Virgilio Gomes Aguaiza.  ECF No. 1 ¶ 1.

**DISCUSSION**

I.    Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve

agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.    Analysis

Under the Revised Settlement, Defendants agree to pay $45,000 to resolve Plaintiff's claims, of which Plaintiff will receive $29,394. Revised Settlement ¶ 2(d); Second Letter at 3. Plaintiff estimates that his maximum recovery is $77,689. Second Letter at 2. His net recovery of $29,394, therefore, represents approximately 37.8% of his best-case recovery at trial, well within the range that courts in this District have found reasonable. *See Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (collecting cases).

In the Order, the Court found that it could not determine whether the settlement amount was fair and reasonable because the parties failed to "describe the exact litigation risks faced by the parties or the seriousness of those risks." Order at 3. In the Second Letter, the parties explain that Plaintiff faces several obstacles to recovering his estimated best-case damages at trial, including the potential dismissal of his wage-notice claims, Defendants' evidence of good

faith, and the anticipated defense of several Defendants that they were not Plaintiff's employers. *See* Second Letter at 4.  The parties also note that Defendant I&H "may not have the financial ability to satisfy a larger judgment." *Id.*  And, the parties represent that the negotiations were conducted at arms' length between experienced counsel. *Id.* at 5–6.  Considering the totality of the circumstances, the Court finds that the proposed settlement amount is fair and reasonable pursuant to the *Wolinsky* factors.

The Court also finds that the release contained in the Revised Settlement is sufficiently narrow because it no longer waives "unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); *see* Settlement ¶ 2(b)–(c).  It is true that the clause continues to release from liability "numerous entities beyond Defendants," although the parties have removed several entities—including Defendants' "shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, [] successors, assigns, and agents"—from the list of released entities.  Order at 3.  Importantly, however, the parties have now limited the scope of the release clause to encompass only the "causes and action and claims which were alleged in the [c]omplaint filed in this action."  Settlement ¶ 2(b).  "While broad, the terms of the release relate specifically to wage and hour issues without encompassing, for example, prospective discrimination claims." *Krasnansky v. JCCA*, No. 22 Civ. 6577, 2023 WL 6141240, at *5 (S.D.N.Y. Sept. 20, 2023) (cleaned up).  The Revised Settlement also appropriately binds only Plaintiff, and includes a reciprocal release for "all claims, demands, liabilities, and causes of action . . . that Defendants have, had or claimed to have against Plaintiff."  Settlement ¶ 2(b)–(c). The release provision, therefore, does not prevent the Court from approving the Revised Settlement.

Finally, the Court finds that the attorneys' fees and costs contemplated by the Revised Settlement—which are identical to those in the Settlement—are fair and reasonable for the reasons detailed in the Order.  *See* Order at 4–5.

## CONCLUSION

For the foregoing reasons, the parties' renewed motion for settlement approval is GRANTED.  The Clerk of Court is directed to terminate any pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: March 15, 2024
        New York, New York

_____
ANALISA TORRES
United States District Judge